UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

THE SET ENTERPRISES, INC.
and GREG JARMON,

        Plaintiffs,

v.

CASE NO.: 01-7896-CIV-HIGHSMITH
Magistrate Judge Garber

CITY OF HALLANDALE BEACH, a
political subdivision of the State of Florida,

        Defendant.

RODNEY KIMBROUGH,

CASE NO.: 02-60201-CIV-HIGHSMITH
Magistrate Judge Garber

v.

CITY OF HALLANDALE BEACH, a
Political subdivision of the State of Florida,

       Defendant.

_____/

## INTERIM LITIGATION AGREEMENT

**THIS INTERIM LITIGATION AGREEMENT** ("Agreement") is made this 28th day of March, 2002, by and between THE SET ENTERPRISES, INC., ("THE SET"); GREG JARMON, ("JARMON"); and RODNEY KIMBROUGH ("KIMBROUGH"), hereinafter referred collectively referred to as ("Plaintiffs"); THE CITY OF HALLANDALE BEACH, ("City" or "Defendant") collectively hereinafter referred to as "The Parties".

### WITNESSETH:

**WHEREAS**, the parties are desirious of fully and completely resolving, compromising and settling all of their respective claims, both pending and otherwise,

1

including the claims set forth in the consolidated actions, now pending before the United States Federal District Court for the Southern District, ("Actions")[1], against all parties hereto as set forth more fully within, and given due consideration of the costs, expenses and delays that could be incurred in proceeding with the said litigation; and

**WHEREAS**, the parties agree and intend that this Agreement shall inure to the benefit and bind their affiliates, divisions, predecessors and successors in business or interest and assigns and all persons claiming through such businesses, corporations their affiliates and subsidiaries, and persons, and each of them, as well as all officers, directors, agents, employees and representatives, past or present of each said business and corporation, their heirs, executors, successors and assigns, each of them individually and in any capacity whatsoever;

**WHEREAS**, The Set, having applied for and been issued, by the City, a private club license to operate its private club; and The Set, in reliance upon the issuance of the said private club license, invested approximately $1,000,000.00 dollars in renovations into said club, in its good faith belief that it could operate a private club wherein nudity could be displayed together with the sale of alcohol and that the City's ordinances prohibiting such activity did not apply to its private club status because it was not an "adult entertainment establishment" as defined by the said ordinances.

**NOW THEREFORE**, in consideration of the full and complete, good faith performance of this Agreement, and anticipated final resolution of all outstanding claims, potential claims and allegations, actually brought or which could have been brought, the following representations, warranties and mutual covenants herein

---

[1] The Set Enterprises, Inc., and Greg Jarmon v. City of Hallandale Beach, Case No. 01-7896 Civ. Highsmith; Kimbrough v. City of Hallandale Beach, Case No. 02-60201 Civ. Highsmith

2

contained and, for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned parties specifically agree and stipulate as follows:

1. That the foregoing recitals are true and correct and are incorporated herein by reference.

2. That the effectiveness of this Agreement shall be conditioned and contingent upon the Parties' strict compliance with all of the following terms and provisions, and the completion of all conditions and contingencies set forth herein.

**TERMS AND CONDITIONS OF INTERIM LITIGATION AGREEMENT**

3. That the parties hereto recognize that they have an implied obligation of good faith in the performance of their respective duties and obligations under this Agreement, and shall cooperate with each other and perform the said obligations with the utmost good faith. The City agrees that it shall take no act or cause any act to be taken, which would directly or indirectly cause to subvert the letter and spirit of this Agreement.

4. That the parties shall submit a joint Motion for the entry of an Order Abating the subject Actions for a period of six (6) months from the effective date of this Agreement. That assuming that there are no substantial zoning or criminal problems at THE SET, at the end of the said six (6) month period, THE SET shall be issued a license to operate as a private club, until 4:00 a.m., where alcohol is sold, together with the display of nudity. Upon issuance of said license the said Actions shall be

3

dismissed, without prejudice, each party bearing their own attorneys fees and costs.

5. That THE SET, shall be licensed, on an interim, probationary basis, for a period of six (6) months, to operate as a private club, wherein it will be allowed to sell alcohol together with the display of nudity to its members until 4:00 a.m.

6. THE SET shall be subject to all existing State Statutes and City Ordinances, except 7-81 of the Code of Ordinances prohibiting alcohol in Adult Entertainment establishments and Section 19-2, prohibiting nudity. Furthermore, the City acknowledges that THE SET's location is not in violation of Section 32-265 zoning district and distance limitations.

7. The City agrees that based upon decisions of the State Attorney, the City shall not arrest employees of THE SET under Florida Statute §847.0134, unless minors are admitted into the THE SET or it displays or erects offensive exterior signage.

8. THE SET shall employ, an (one) off-duty Hallandale Beach Police Officer on each day that it is open, as part of its security force and shall pay the City for said officer's services, as any other business in the City that retains off-duty officers for private duty details.

9. THE SET shall provide valet parking during its hours of operations.

10. THE SET shall be licensed to operate until 4:00 a.m., seven (7) days per week.

11. THE SET shall operate exclusively as a private club and shall restrict its membership to no one under the age of twenty-one (21).

12. THE SET shall, within thirty (30) days of the Effective Date of this Agreement, remove the pole sign on the premises and comply with the City's existing sign ordinance. THE SET agrees to restrictive signage on the exterior of the premises and specifically no sexually explicit messages or images may be displayed on said signage.

13. THE SET shall pay the required licensing fees as may be necessary for it to operate pursuant to its private club license.

14. THE SET agrees to pay a monthly regulatory fee of One Thousand ($1,000.00) Dollars per month for the first six (6) months, which said fee shall be due on the 30th day after THE SET re-opens and on the 30th day each month thereafter. There shall be a five (5) business day grace period in the payment of the said monthly fee. THE SET agrees that after the first six (6) months the said fee shall be increased to One Thousand Five Hundred ($1,500.00) Dollars per month and upon the one (1) year anniversary of its opening, to increase the said monthly regulatory fee to a cap of Two Thousand ($2,000.00) Dollars per month.

15. That upon the expiration of the six (6) month probationary period, THE SET shall automatically, without any further applications to the City, be issued a private club license, to sell alcohol together with the display of nudity to its members, until 4:00 a.m., seven (7) days per week. THE SET's license shall not be subject to a discretionary renewal on a yearly

5

basis, but may only be revoked in accordance with the City's ordinances, rules, regulations and administrative procedures.

16. That the said license issued to THE SET shall be fully transferrable and assignable, subject to the City Commission's approval, which said approval shall not be unreasonably withheld. However, Joe Rodriguez agrees not to sell or relinquish control of said business for a period of nine (9) months following the execution of this Agreement.

17. Upon execution of this agreement, THE SET shall execute a General Release in favor of the City, for any and all claims up through and including the effective date of this Interim Litigation Agreement.

18. Upon execution of General releases by Koons, Oliver, Lawrence and Caprio, The City shall forthwith file a nolle prosse in the now pending criminal actions against three dancers and the pending against Robert Caprio in the following cases, State of Florida v. Lori A. Koons, Case Number: 02-000191MO40A; State of Florida v. Renee A. Lawrence, Case Number: 02-000192MO40A; State of Florida v. Lisa Oliver, Case Number: 02-000193MO40A; State of Florida v. Robert Caprio, Case Number: 01020787 CF10A; State of Florida v. Robert Caprio, Case Number: 01029131MO10A. Additionally, the City shall agree to cooperate with and consent to the applications of Lisa Oliver, Renee A. Lawrence, Lori A. Koons and Robert Caprio, to have the records of their respective arrests either expunged and/or sealed, whichever may be applicable to any Defendant. In exchange for the voluntary nolle prosse of the said criminal

6

actions, Oliver, Lawrence, Koons and Caprio, shall execute General Releases in favor of the City, releasing the City from any and all claims arising out of their respective arrests.

19. THE SET agrees to defend, with mutually acceptable counsel, as outside counsel to the City of Hallandale Beach, and pay such reasonable attorneys fees and costs for said counsel, in the event that some third party or some other entity attempts to challenge the City's adult entertainment ordinances as they exist and/or as they are amended and/or in the event that a said third party attempted to challenge this Interim Litigation Agreement and/or the license anticipated to be issued to THE SET.

20. The parties stipulate and agree that the Court shall enter an Order ratifying and confirming this Interim Litigation Agreement, ordering the parties to abide by its terms and specifically retaining jurisdiction to interpret and/or enforce this Agreement.

21. This Agreement shall supersede all prior Agreements and understandings between the parties, and no waiver or modification of this Agreement, or of any covenant, condition or limitation herein shall be valid unless in writing and duly executed by the parties charged therewith.

22. Conditioned upon full performance of the Parties' obligations set forth herein, and for other good and valuable consideration set forth above, and the full and complete compliance with the terms of this Agreement, each of the Parties hereby irrevocably, unconditionally, and absolutely releases

7

and forever discharges each of the other Parties, including their past and current officers, directors, attorneys, agents, servants, representatives, employees, affiliates, partners, predecessors, successors in interest, assigns and all other persons acting on their behalf, of and from and promises not to sue or bring any claim of further action of any kind, or cause any person, firm, entity or authority to bring any action against the others or anyone of them regarding any and all complaints, charges, claims, causes of action, liabilities, interests, financial or property losses, accounts, liens, obligations, promises, agreements, contracts of insurance, debts, expenses, costs, demands, damages (including compensatory, statutory, liquidated or punitive), actions and causes of action or claims (collectively "Claims") of any nature whatsoever, known or unknown, suspected or unsuspected, liquidated or contingent, legal or equitable, including all related or ancillary claims for attorneys' fees or other costs incurred in connection therewith, from the beginning of the world to the Effective Date of this Agreement, that each party had, has or may have against any of the others arising out of any matter or thing, including but not limited to all claims that could have been raised in the Actions, including potential claims or causes of action, and all claims for contribution, indemnity and subrogation, except for a breach by any Party of any of the provisions of this Agreement.

8

23. It is understood and agreed that this Agreement does not constitute and shall not be construed to be an admission of liability on the part of any party to this Agreement.

24. The parties to this Agreement represent, which representation is a material, bargained for term, that each of them has possession, control and full title and authority to settle, resolve, release, and extinguish the Claims herein; that no other person, entity or association has a superior right or title to such Claims; and that none of them heretofore has assigned or transferred, or purported to assign or transfer, to any person or entity, any Claim, or any portion or interest thereof, that any one of them had, has or may at any time hereafter have or acquire against another party or parties hereto, nor have the parties taken an assignment or transfer of any Claim which has not been disclosed and would not be released herein.

25. The parties to this Agreement hereby waive any and all claims for attorneys' fees and costs which each may have against the other.

## GENERAL TERMS AND CONDITIONS

26. This Agreement contains the entire Agreement and understanding between the parties hereto concerning the matters raised herein. This Agreement supersedes and replaces all prior negotiations, proposed agreements and agreements, oral and written, concerning the matters raised herein.

27. This Agreement shall be interpreted, enforced, and governed by the laws of the State of Florida. The parties agree that this Agreement shall be construed as a whole according to its fair meaning and all inferences and any ambiguities in this Agreement shall be drawn in favor of finding a release of all liability between and among the parties, their successors and assignees. It is the parties' intent that there shall be no further litigation or adversarial proceedings between or among them concerning the transactions or occurrences which form the basis of the Actions. This Agreement shall be construed as having been drafted by all of the parties hereto and no inference shall be drawn against any party as having drafted the Agreement.

28. The parties acknowledge that time is of the essence as pertaining to the performance of this Agreement. The parties agree that this Agreement will be binding upon and inure to the benefit of, their heirs, successors and assigns and the officers, directors, shareholders, principals, employees, agents, servants, affiliates and any other related or affiliated entity or person now existing or living or created or born hereafter.

29. In the preparation and negotiation of this Agreement, Plaintiffs have been represented by Ira Marcus, P.A., 888 East Las Olas Blvd., Suite 710, Fort Lauderdale, FL 33301. The Defendants have been represented by Mark A. Goldstein, Esquire; 400 South Federal Highway, Hallandale, Florida 33009. The parties warrant that they have read the terms of this Agreement, have conferred with counsel of their own choice for the

10

purpose of negotiating and explaining the Agreement to them, have received and considered the advice of that counsel, are fully aware of the Agreement's contents, and fully understand The Agreement's legal effect and significance. Each party further warrants that the terms of this Agreement are fair, just adequate and reasonable and that each freely and fully accepts the provisions, terms and conditions of this Agreement.

30. The signatories represent and warrant that they have the authority and approval to execute this Agreement on behalf of any party they are identified as representing below. The undersigned representatives represent that they are agents of their respective parties duly authorized to execute contracts generally and this Agreement in particular.

31. The Parties, their successors and assigns agree, that they shall not bring any action challenging the legality or validity of this agreement or any of the terms contained herein.

32. This Agreement may be executed in multiple counterparts that when taken together shall form one integrated Agreement. The parties agree to cooperate fully and execute any and all documents and to take all additional actions that are reasonably necessary to give full force and effect to this Agreement, including but not limited to, executing stipulations for the dismissal of the litigation among the parties hereto as provided in the Agreement.

33. Any notice required by this Agreement shall be delivered to the parties care of their counsel by certified mail, return receipt requested. Upon

11

notice by certified mail, return receipt requested, any party to this Agreement, or their current counsel, may, after the Effective Date, direct that any notice required under this Agreement be sent to the party directly or to another representative.

34. This Agreement constitutes the entire agreement of the parties and shall not be changed, altered or modified except in a writing signed by all of the parties.

35. The Parties agree that facimilie copies of this Agreement may be executed and serve as original signatures.

**WHEREFORE**, the parties hereto agree to all provisions contained herein:

The City of Hallandale Beach

By: Mark A. Goldstein, Esquire
as Authorized Agent

The Set Enterprises, Inc.

_____
By: Jose R. Rodriguez, President

The Set Enterprises, Inc.,

_____
By: Rodney Kimbrough, Individually

The Set Enterprises, Inc.

_____
By: Greg Jarmon, Individually

S:\WPDOCS\Rodriguez, Joe\The Set Enterprises\FEDERAL ACTION-JARGON\PLEADINGS\Final Interim Litigation Agreement.wpd

12

## MODIFICATION OF INTERIM LITIGATION AGREEMENT

Modification of a certain INTERIM LITIGATION AGREEMENT is made this 15 day of September, 2003, by and between THE SET ENTERPRISES, INC., ("THE SET"); GREG JARMON, ("JARMON"); and RODNEY KIMBROUGH ("KIMBROUGH"); (hereinafter referred to collectively as "THE SET"); and THE CITY OF HALLANDALE BEACH, ("CITY"); collectively hereinafter referred to as "The Parties".

### WITNESSETH:

WHEREAS, the parties have previously entered into a Litigation Settlement Agreement, which was approved by the City of Hallandale Beach City Commission on March 5, 2002, ("Settlement Agreement"); and

WHEREAS, the parties are desirous of modifying the specific paragraphs of said Settlement Agreement which relate to the specific hours of operation on specific designated days, as well as an increase in the monthly regulatory payment to the City; and

WHEREAS, on June 17, 2003, the City Commission, approved an amendment and modification to the said Settlement Agreement, pursuant to Agenda Item CAD-#14/02; and

WHEREAS, the parties are desirous of amending and modifying only the specific provisions set forth herein and all other terms and conditions of the said Settlement Agreement shall remain in full force and effect.

NOW THEREFORE, in consideration of $10.00 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned parties specifically agree and stipulate as follows:

1. That paragraph 10 of the said Settlement Agreement shall be modified to reflect that THE SET shall be licensed to operate until 6:00 a.m. on Friday and Saturday nights,

commencing June 27, 2003, and the following holidays throughout the year, where there would be no school the day after the said late closing holiday. (For example: New Year's Eve: if New Year's Eve fell on a week day, there is no school on New Year's Day); and specifically:

    New Year's Eve
    Memorial Day Eve
    July Fourth Eve
    Labor Day Eve
    Thanksgiving Day Eve
    Thanksgiving Day
    Christmas Eve

Furthermore, the Settlement Agreement designates off-duty police details for each day THE SET is open and by this Agreement shall include additional police details on Fridays, Saturdays, and holidays through closing.

    2.    That paragraph 14 of the said Settlement Agreement shall be amended to reflect that effective July 2003; THE SET's monthly regulatory fee shall be increased by an additional $500.00 per month, for a total of $30,000.00 per year.

    3.    That all other terms and conditions set forth in the original Settlement Agreement shall remain unmodified and shall remain in full force and effect.

WHEREFORE, the parties hereto agree to all provisions contained herein:

The City of Hallandale Beach          The Set Enterprises, Inc. by
                                                Greg Jarmon, Rodney Kimbrough

By: D. Mike Good                         By: Ira Marcus, Esq.
City Manager                             Authorized Agent, Attorney for Plaintiff's